Henry Patrick Nelson  CSB #32249
Amber A. Logan, CSB #166395
Elise H. Hur, CSB #258291
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213)365-2703 / Fax(213)365-9170
nelson-fulton@covad.net

Attorneys for Defendant,
County of Los Angeles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DAWSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> County of Los Angeles, a municipal corporation, and DOES 1 through 10, inclusive. <br><br> Defendants. | CASE NO. CV 10-00339 JST (JCx) <br><br> **DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b); MEMORANDUM OF LAW** <br><br> Date : June 13, 2011 <br> Time : 10:00 a.m. <br> Place: Courtroom 10-A <br> Judge: Hon. Josephine S. Tucker |

   Defendant COUNTY OF LOS ANGELES hereby opposes the Plaintiff's Motion for Relief from Judgment on the following grounds:

   1.   Plaintiff's motion fails to show good cause for the court's reconsideration of its previous orders due to mistake, inadvertence, surprise or excusable neglect pursuant to *Federal Rules of Civil Procedure*, Rule 60(b).

   2.   Plaintiff's motion fails to bring the Motion for Relief within a reasonable amount of time pursuant to *Federal Rules of Civil Procedure*, Rule 60(c).

3.    Defendant requests monetary sanctions in the amount of $2,170.00 for researching and preparing an opposition to plaintiff's frivolous motion.

**MEMORANDUM OF LAW**

**I.**

**STATEMENT OF THE CASE**

On September 30, 2010, the court granted defendant's Motion to Compel and ordered  that the plaintiff provide complete interrogatory responses and a calculation of damages within fourteen days.  The court also issued monetary sanctions in the amount of $1,162.50 against the plaintiff and his attorney, jointly and severally, to be paid to defendant within fourteen days.  The Clerk of the District Court electronically served notice of this order on September 30, 2010. [Docket # 16].  The plaintiff failed to comply with the court's order by the deadline. Contrary to what has been asserted in the moving papers, prior to the ruling, defendant had only received plaintiff's incomplete interrogatory responses and no computation of damages.

On October 18, 2010, defendant sent Mr. Johnson a letter via facsimile, e-mail and U.S. mail indicating that the court ordered monetary sanctions and the calculation of damages were overdue. Defendant also attached the court's order to the letter. (Exhibit "A").  There was no response.  On October 20, 2010, Mr. Johnson and defendant's counsel met for a deposition noticed by the plaintiff.  On that day, defendant's counsel verbally reminded Mr. Johnson that he had to pay the monetary sanctions.  Mr. Johnson indicated that he would "look into it," but never contacted defense counsel.

On November 2, 2010, defense counsel sent Mr. Johnson a letter indicating that the defendant was giving final notice regarding the monetary sanctions and his failure to comply with the court's order to produce a computation of damages. (Exhibit "B").  On November 4, 2010, at approximately 5:15 p.m., Mr. Johnson telephoned defendant's counsel and requested an extension to pay the sanctions by the following Friday, November 12, 2010. Defendant's counsel agreed.  On November 8, 2010, the defendant sent Mr. Johnson a letter confirming that the parties agreed to have the monetary sanctions paid by November 12, 2010 no later than 5:00 p.m. and that the computation of damages was still outstanding. (Exhibit "C").  Mr. Johnson never paid the sanctions on the agreed upon date, did not move the court for reconsideration of its order, nor did he contact the defendant's counsel.  On November 15, 2010, Mr. Johnson finally served defendant with a general computation of damages. (Exhibit "C"). The monetary sanctions were just paid on May 18, 2011, *more than seven months after the court-ordered deadline*.

On January 4, 2011, the court granted the defendant's Motion for Monetary Sanctions for plaintiff's failure to provide timely responses to defendant's Request for Production of Documents, Set No. Two.  Monetary sanctions in the amount of $387.50 were issued against the plaintiff and his attorney, jointly and severally, to be paid within fourteen (14) days.  The Clerk of the District Court electronically served notice of this order on January 4, 2011. [Docket #27].  *The court ordered monetary sanctions are still outstanding to this day*.

On January 4, 2011, the court also granted the defendant's Motion to Compel Witness Fees.  The court ordered plaintiff's

counsel to pay $165.00 to the witness by cashier's check within fourteen days of the order.  The court also issued monetary sanctions in the amount of $480.50 against the plaintiff and his attorney, jointly and severally, to be paid within fourteen days. The Clerk of the District Court electronically served notice of this order on January 4, 2011. [Docket # 27].  *The witness fees were paid on May 18, 2011, four months after the court-ordered deadline to pay the witness fee.  The monetary sanctions are still outstanding to this day.*

On January 4, 2011, the court also issued sanctions against the plaintiff and his attorney jointly and severally in the amount of $976.50  to be paid within fourteen days for defendant's Motion for Contempt.  The Clerk of the District Court electronically served notice of this order on January 4, 2011. [Docket # 27]. *The court ordered monetary sanctions are still outstanding to this day*.

On January 20, 2011, defendant sent Mr. Johnson a letter regarding the court's January 4, 2011-order and the overdue monetary sanctions. (Exhibit "D").  Mr. Johnson did not respond. Defense counsel again sent Mr. Johnson a letter regarding the outstanding sanctions on February 16, 2011.  A copy of the court's order was also attached to the letter. (Exhibit "E"). *There was no response and the sanctions have yet to be paid*.

On February 7, 2011, plaintiff's counsel was held in contempt for failure to comply with the September 30, 2010-order of the court to pay $1,162.50 in monetary sanctions and a *per diem* fine of $25.00 was issued against plaintiff's counsel. The Clerk of the District Court electronically served notice of this order on February 7, 2011. [ Docket # 30]. *Since plaintiff's counsel paid*

the sanctions to the defendant on May 18, 2011, he owes seventy (70) days of $25.00 per day fine to the court.  The total amount outstanding owed to the court is $1,750.00.

## II.

### PLAINTIFF'S MOTION FAILS TO SHOW GOOD CAUSE FOR RELIEF OF THE COURT'S MULTIPLE ORDERS DUE TO MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT.

Plaintiff does not show that he is entitled to relief from several court orders due to mistake, inadvertence, surprise or excusable neglect.  Pursuant to *Federal Rules of Civil Procedure*, on motion . . . the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect. In determining whether a Plaintiff's neglect is excusable under *Federal Rule* 60(b)(1), a court must consider: (1) the danger of prejudice to the nonmoving party; (2) the length of delay; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith.  <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).  The plaintiff cannot show that he is entitled to relief from the court's orders pursuant to *Federal Rules of Civil Procedure* 60(b) on the following grounds:

A.    *Plaintiff Shows No Good Cause for Relief from The Court's  September 30, 2010-Order Compelling Interrogatory Responses, Computation of Damages and Imposing Sanctions in the Amount of $1,162.50.*

The plaintiff does not provide any points and authorities showing that he is entitled to relief from the court's September

30, 2010-order, due to mistake, inadvertence, surprise or excusable neglect.  It is unclear whether the plaintiff is seeking relief for mistake, inadvertence, surprise or inexcusable neglect.  However, the plaintiff is not entitled to relief by any of these methods.

Prior to filing the discovery motion which lead to the September 30, 2010-order, defense counsel sent the plaintiff numerous meet and confer letters regarding plaintiff's outstanding discovery on July 27, 2010, August 6, 2010 and August 13, 2010, warning that a Motion to Compel would be filed because he failed to provide timely responses.  The defendant also prepared and served a joint stipulation for a Motion to Compel the plaintiff's interrogatory responses. (Exhibit "F").  On September 10, 2010, the plaintiff provided incomplete responses to the interrogatories.  Since plaintiff had yet to provide complete responses and did not even address the issue of the computation of damages, defendant had no reason to take the Motion to Compel off calendar.  Further, defendant's counsel never indicated to plaintiff's counsel that the motion would be taken off calendar.  As such, the plaintiff's belief that the motion would not go forward was neither reasonable nor based on the facts.

On September 30, 2010, the court ruled on the motion without appearances and vacated the hearing date.  The Clerk of the Court electronically served the order upon both parties on that same day.  On October 28, 2010, defendant's counsel sent plaintiff's counsel a letter stating that the time to comply with the court's order had passed and also attached a copy of the court's order.  Thus, even if the plaintiff had ignored the Clerk's copy of the court's order, on October 18, 2010, he had been provided a duplicate copy.

Defendant's counsel sent two additional letters regarding the plaintiff's failure to comply with the court's order on October 20, 2010 and November 2, 2010.  Counsel responded on November 4, 2010, by requesting an extension of time to pay the sanctions to November 12, 2010.  Thus, plaintiff's counsel was clearly aware of the order by that date.  Now, almost seven months later, plaintiff and his counsel are seeking to be relieved from the court's order.

The plaintiff's lack of compliance with the court's order cannot be due to mistake, inadvertence or surprise since the plaintiff was fully aware of the contents of the court's order, and simply chose to ignore it.

Furthermore, the plaintiff cannot seek relief from the court's order due to excusable neglect.  The defendant filed the motion to compel because of the plaintiff's disregard for the discovery rules.  If the court grants this motion, the defendant would be unduly prejudiced because there would be no avenue in which the defendant could seek relief for plaintiff's failure to comply with the *Rules of Civil Procedure*.  Furthermore, the plaintiff would be entitled to benefit from his own discovery abuse and disregard of the court's orders which  necessitated court intervention and monetary sanctions to begin with.

Therefore, Plaintiff's Motion for Relief from the September 30, 2010-order is frivolous and without any merit.  The defendant respectfully requests the court to deny the motion.

**B.   *Plaintiff Shows No Good Cause for Relief from the Court's January 4, 2011- Order Imposing Sanctions in the Amount of $1,844.50.***

Plaintiff seeks relief from the court's January 4, 2011-order alleging: (1) he did not receive notice of the hearing, and (2) he

was out of the country and provided a Notice of Unavailability. Neither of these grounds have merit.

The defendant properly e-filed the Motion for Sanctions on November 23, 2010.  Pursuant to the General Rule 10-07 of the United States District Court, Central District of California rules of e-filing in federal court, all civil cases are subject to electronic filing.  When a motion is e-filed by a party, a Notice of Electronic Filing ("NEF") is automatically generated by the Case Management/Electronic Case Filing ("CM/ECF") system implemented by the court.  Service by the electronic NEF constitutes service pursuant to the Federal Rules of Civil Procedure. (Exhibit "G").  Since the defendant e-filed the motion with the court, the plaintiff was automatically given notice of the motion.  The plaintiff's counsel's failure to check his e-mail or to review notices and orders by the court and counsel, does not constitute mistake, inadvertence, surprise, or excusable neglect.

Furthermore, plaintiff's argument that he  was unavailable on the hearing date, lacks merit.  The Defendant electronically filed and served its motion for contempt and sanctions November 23, 2010, with notice of the January 4, 2011-hearing date.  **The plaintiff did not serve his Notice of Unavailability until December 22, 2010 - a full month after the motion had been served, and beyond the deadline for filing an opposition**.  Plaintiff's counsel did not bother to file the Notice of Unavailability with the court.

On the date of the hearing, in the interest of full disclosure, defendant's counsel informed the court of the plaintiff's Notice of Unavailability.  Since plaintiff's counsel had full notice of the hearing a full month in advance, did not

bother to file a written opposition and did not advise the court of his unavailability, the court ruled on the motion and monetary sanctions were issued against the plaintiff and his attorney.

Again, plaintiff cannot feign knowledge of this order.  The clerk electronically served the order and defense counsel sent plaintiff's counsel two meet and confer letters regarding the outstanding sanctions on January 20, 2011 and February 16, 2011.  The plaintiff did not respond to the meet and confer letters and the sanctions have yet to be paid in clear violation of the court's order.

Thus, the plaintiff fails to show good cause for relief from the January 4, 2011-order.  No mistake, inadvertence, surprise, or excusable neglect has been shown.  The fact that plaintiff's counsel buried his head in the sand and ignored notice of motion and the court's orders, does not constitute grounds for Rule 60 relief.  The request for relief from the January 4, 2011-order must be denied.

**C.** ***Plaintiff Shows No Good Cause for Relief from the Court's February 7, 2011-Order Holding Plaintiff's Counsel in Contempt and Issuance of a Per Diem Fine of $25.00.***

Plaintiff seeks relief from the court's February 7, 2011-order, again claiming that he did not receive notice of the hearing.  The plaintiff was properly notified of the hearing by the clerk of the court on January 14, 2011, through the CM/ECF system when the magistrate judge issued the order setting the hearing.  Plaintiff again failed to file a written opposition and failed to appear.

Plaintiff's failure to properly litigate his case, claiming lack of notice, is disingenuous based on the record.  Not only has

notice been electronically served upon the plaintiff, but several
meet and confer letters have been mailed to the plaintiff.  His
ignorance of the hearing dates and orders is based on nothing more
than his own refusal to open his e-mail and/or U.S. mail, and read
his faxes.

Therefore, Plaintiff's motion fails, wholeheartedly, to show
that he is entitled to any type of relief from the court's orders
due to mistake, inadvertence, excusable neglect or surprise.  This
motion should be denied.

**III.**

**PLAINTIFF'S MOTION IS NOT BROUGHT WITHIN A REASONABLE AMOUNT OF**

**TIME PURSUANT TO THE STANDARDS SET FORTH IN FRCP 60(b)**

The plaintiff's motion is not brought within a reasonable
amount of time pursuant to *FRCP* Rule 60(b).  What constitutes
reasonable time depends on the facts of each case, taking into
consideration the interest of finality, the reason for the delay,
the practical ability of the litigant to learn earlier of the
grounds relied upon, and the prejudice to other parties.  Ashford
v. Steuart, 657 F.2d 1053, 155 (9nth Cir. 1981).

Plaintiff's motion is brought in an unreasonable amount of
time given that plaintiff received notice of motions, hearing
dates and orders when they are filed with the court.  The first
court order that plaintiff is seeking relief from was back in
September or 2010, over seven months ago.  In addition, the court
orders were due to the plaintiff and his counsel's failure to
comply with the *Federal Rules of Civil Procedure* and *Local Rules*
that are applicable to everyone litigating a case in Federal
court.  There is absolutely no reason that the plaintiff should
have delayed any motion for relief.  Plaintiff's motion for relief

has not been brought in a timely manner.  In addition, plaintiff's motion is frivolous and completely without merit.  Therefore, defendant respectfully requests the court to deny the motion.

## IV.

### DEFENDANT REQUESTS SANCTIONS AGAINST THE PLAINTIFF
### FOR FILING A FRIVOLOUS MOTION

Defendant requests the court issue sanctions against plaintiff's attorney for filing a frivolous motion.  *Federal Rules of Civil Procedure*, Rule 11(b) provides that by presenting a written motion, an attorney certifies that it is not brought for an improper purpose and is not frivolous. *Fed. Civ. Proc.* §11(b). 28 U.S.C.A. section 1927 provides that any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Plaintiff has filed a frivolous Motion for Relief and should be sanctioned.  The basis of plaintiff's motion is that he is entitled to relief for mistake, inadvertence, surprise or excusable neglect.  Yet, the motion does not even set forth any points and authorities that support his motion except for the statute that provides the relief.  Nevertheless, the defendant's attorney had to research the issue and prepare an opposition. Thus, the County of Los Angeles incurred attorneys fees in preparing an opposition to the plaintiff's motion.  Therefore, the defendant requests the court grant $2,170.00 in monetary sanctions against the plaintiff's attorney.

////

**CONCLUSION**

Based on the foregoing, the defendant respectfully requests the court to deny the plaintiff's Motion for Relief.


DATED: May 20, 2011            Respectfully submitted,

                               NELSON & FULTON


                               By: s/Elise H. Hur
                                   AMBER A. LOGAN
                                   ELISE H. HUR
                                   Attorneys for Defendant,
                                   County of Los Angeles