O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTONIO DAWSON,

      Plaintiff,

   vs.

COUNTY OF LOS ANGELES,

      Defendant.

CASE NO. 2:10-CV-00339-JST (JCx)

**ORDER DENYING MOTION TO DISMISS; GRANTING MOTION TO CONTINUE TRIAL; and DENYING MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on a Motion to Dismiss filed by Defendant County of Los Angeles ("Defendant"). Plaintiff Antonio Dawson ("Plaintiff") filed an untimely opposition to the Motion and Defendant replied. For the reasons set forth below, the Court DENIES the Motion to Dismiss on the condition that Plaintiff's counsel associate himself with experienced trial counsel within thirty days on the terms more specifically described below. Additionally, the Court GRANTS Plaintiff's Motion to Continue Trial and DENIES Plaintiff's Motion for Relief from Judgment.

## I. Background

On January 15, 2010, Plaintiff filed his Complaint in this matter asserting four claims: (1) assault and battery; (2) emotional distress; (3) negligence; and (4) deprivation of civil rights. (Doc. 1.) Plaintiff alleges that on November 6, 2008, while an inmate at the Los Angeles County Jail, Plaintiff was beaten by deputies from the Los Angeles County Sheriff's Department.

This matter was initially before the Honorable George H. King. On April 20, 2010, Judge King issued a Scheduling Order setting October 29, 2010 as the discovery deadline. (Doc. 8.) Subsequently, the case was transferred to this Court and on December 22, 2010, this Court issued an Order on Jury Trial setting a Final Pretrial Conference for May 23, 2011 and a trial date for June 14, 2011. (Doc. 26.)

Prior to the close of discovery, on August 31, 2010, Defendant filed a Motion to Compel Plaintiff's Responses to Interrogatories, seeking to compel Plaintiff to respond to the interrogatories that had been served on Plaintiff on June 18, 2010, and due on July 17, 2010, and provide a damage computation required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. (Doc. 11.) In addition to the Motion to Compel, Defendant filed a declaration from Elise H. Hur documenting the various letters and phone calls in which Defendant implored Plaintiff to provide discovery responses in a timely fashion. (Doc. 13.) Plaintiff did not oppose the motion.

On September 30, 2010, Magistrate Judge Jacqueline Chooljian granted the Motion to Compel. (Doc. 16.) Magistrate Judge Chooljian's Order included a detailed description of the failures of Plaintiff to cooperate in discovery and the diligent efforts made by Defendant. (*Id.* at 2.) In response to Plaintiff's failure to cooperate in discovery, Magistrate Judge Chooljian ordered Plaintiff to file his interrogatory responses and damage computation within fourteen days and ordered Plaintiff and his counsel jointly and severally liable for Defendant's expenses of $1162.50 for bringing the motion. (*Id.* at 3.) And finally, Magistrate Judge Chooljian advised:

> Plaintiff and Plaintiff's Counsel are cautioned that any failure to comply with this Court's Order will subject plaintiff/plaintiff's counsel to further potential monetary and nonmonetary sanctions, as provided in Fed. R. Civ. P. 37(b)(2), including (a) the issuance of a recommendation or order prohibiting plaintiff from supporting her claims or from introducing evidence; (b) the issuance of a recommendation or order striking plaintiff's pleadings in whole or in part; and (c) the issuance of a recommendation or order to dismiss this action.

(*Id.*) Plaintiff provided the interrogatory responses and the damage computation to Defendant, but failed to pay the court-ordered fine until May 18, 2011. (*See* Docs. 22, 24, 77 (indicating that Defendant received the interrogatory responses and damage computation); Doc. 75 (admitting that Plaintiff was non-compliant with the September 30, 2010 Order regarding monetary sanctions up through May 6, 2011).)

On November 15, 2010, two weeks after the close of discovery, Plaintiff filed an ex parte application to extend discovery for ninety days, until February 12, 2011, seeking additional time to depose witnesses. (Doc. 20.) In the accompanying declaration, Plaintiff's counsel, without addressing Magistrate Judge Chooljian's September 30, 2010 Order, represented to the Court that, "Plaintiff has diligently pursued discovery in this matter." (Doc. 20-1 ¶ 4.) Defendant opposed the ex parte application. (Doc. 22.) The Court denied the ex parte application because Plaintiff failed to demonstrate excusable

neglect required by Rule 6(b)(1)(B) and failed to demonstrate good cause for ex parte relief. (Doc. 23.)

On November 23, 2010, Defendant filed a Motion for Order to Hold Plaintiff and Plaintiff's Counsel in Contempt. (Doc. 24.) In the Motion, Defendant requested that the Court: (1) hold Plaintiff and Plaintiff's counsel in contempt for failure to pay the monetary sanction ordered by Magistrate Judge Chooljian on September 30, 2010; (2) compel Plaintiff to pay a witness fee; and (3) order Plaintiff to pay monetary sanctions for failure to produce the documents requested by Defendant on September 17, 2010. (*Id.*) Plaintiff neither opposed the Motion nor appeared for the January 4, 2011 hearing on the Motion.[1] On January 4, 2011, Magistrate Judge Chooljian granted the Motion, imposed monetary sanctions of $1,844.50 against Plaintiff and Plaintiff's counsel jointly and severally, and ordered Plaintiff's counsel to pay the $165 witness fee. (Doc. 27.)

On January 14, 2011, Magistrate Judge Chooljian certified the facts to the district court and ordered Plaintiff and Plaintiff's counsel to appear before the Court to show cause why they should not be held in contempt for failure to pay the court-ordered monetary sanction imposed on September 30, 2010. (Doc. 29.) On February 7, 2011, the Court found Plaintiff's counsel in contempt and ordered Plaintiff's counsel to pay a per diem civil contempt fine. (Doc. 30.)[2] On February 10, 2011, the Court issued its Contempt

---

[1] Plaintiff's counsel, in his untimely opposition to Defendant's April 18, 2011 Motion to Dismiss, attempts to explain his failure to appear at the January 4, 2011 hearing. (Doc. 75.) Plaintiff's counsel states that "[i]n December 27, 2010 through January 18, 2011 plaintiff's counsel was in Nigeria on a missionary journey in conjunction with Hands and Hearts and Rotary International." (*Id.* at 3.) Plaintiff's counsel asserts that "Defense counsel was placed on written notice that plaintiffs' counsel was going to be out of the country and therefore unavailable to attend." (*Id.*) Plaintiff's counsel did not indicate when, or to whom, written notice was provided. More importantly, Plaintiff's counsel neither addressed why Plaintiff's counsel did not inform the Court that he would be out of the country and therefore unable to attend the January 4, 2011 hearing nor why he was unable to file an opposition or a motion to continue the hearing prior to his December 27, 2010 departure. Defendant's motion was filed on November 23, 2010 and Plaintiff's opposition to that motion was due on December 14, 2010.
[2] The Court did not find Plaintiff to be in contempt because there was no evidence that the Motion for Contempt was served on Plaintiff. (Doc. 32 at 2.)

Order, ordering Plaintiff's counsel to pay twenty-five dollars per day until Plaintiff's counsel complied with the September 30, 2010 Order.  (Doc. 32.)

On May 4, 2011, the Court ordered Plaintiff to show cause why the Court should not dismiss the case or issue sanctions for Plaintiff's failure to file his Memorandum of Contentions of Fact and Law.  (Doc. 57.)  As noted above, the case was set for a Final Pretrial Conference on May 23, 2011.  (Doc. 26.)  In addition to setting the Final Pretrial Conference date, the Court's December 22, 2010 Order on Jury Trial required the parties to file a Memorandum of Contentions of Fact and Law, a witness list, an exhibit list, and voir dire questions for the jury by May 2, 2011.  (*Id.*)  Without these documents, this case could not proceed to trial.  To ensure that the parties were prepared for trial and to ensure that the case expeditiously move to trial, the Court ordered Plaintiff to file both the Memorandum and a written response to the show cause order by May 6, 2011.  (*Id.*)  Plaintiff filed neither the Memorandum nor a written show cause response.

On May 10, 2011, the Court again ordered Plaintiff to show cause why the Court should not dismiss the case.  (Doc. 64.)  The Court, having not received either Plaintiff's Memorandum of Contentions of Fact and Law or Plaintiff's show cause response, as ordered by the Court on May 4, 2011, advised Plaintiff that "[f]ailure to respond shall result in immediate dismissal."  (*Id.*)  Both documents were ordered to be filed by May 18, 2011.

On May 18, 2011, Plaintiff filed a response to the Court's May 10, 2011 Show Cause Order, offering a variety of excuses, including: (1) that this case is Plaintiff's counsel's only federal case, other than bankruptcies, in twenty years; (2) that the matter had previously been handled by an associate who had since left the firm; (3) that if the pending Motion to Continue is granted Plaintiff's counsel's intends to associate himself with experienced trial counsel; (4) that counsel is unfamiliar with the electronic filing system used by federal courts; (5) that counsel was unable to e-file documents in this case until January 2011; (6) that counsel never saw the Court's December 22, 2010 Order on

1    Jury Trial or the Court's May 4, 2011 Show Cause Order; and (7) that counsel's secretary

2    was neglecting her duties.  (Doc. 73.)

3         Plaintiff did not file the Memorandum of Contentions of Fact and Law as ordered

4    by the Court's May 10, 2011 Show Cause Order.  Plaintiff, in his May 18, 2011 show

5    cause response, informed the Court that, "if the court will allow me, I will have the

6    memorandum of contentions of fact and law files by Friday, May 20, 2011."  (Doc. 73 at

7    3.)  On May 20, 2011, the docket reflects that Plaintiff filed a "Third MOTION for Leave

8    to file Memorandum of Contentions of Fact and Law," however, Plaintiff appears to have

9    merely resubmitted the Memorandum of Contentions of Fact and Law previously filed by

10   Defendant on May 2, 2011.  (*Compare* Doc. 56 (Memorandum of Contentions of Fact and

11   Law filed by Defendant on May 2, 2011); *with* Doc. 83 (identical document filed by

12   Plantiff on May 20, 2011).)

13        At the same time as the Court's Show Cause Orders, Plaintiff filed three separate

14   motions.  On May 4, 2011, Plaintiff filed an ex parte application to continue the trial from

15   June 14, 2011 to a date after July 20, 2011 because Plaintiff was not due to be released

16   from incarceration until July 20, 2011.  (Doc. 58.)  Defendant opposed the ex parte

17   application on the grounds that Plaintiff's counsel was dilatory in requesting the

18   continuance and that Plaintiff had failed to demonstrate good cause for ex parte relief.

19   (Doc. 59.)  The Court denied Plaintiff's ex parte application on May 6, 2011 because

20   Plaintiff had failed to show good cause for ex parte relief.  (Doc. 63.)

21        On May 6, 2011, Plaintiff filed a Motion for Relief from Judgment, arguing that

22   because of excusable neglect, the Court should vacate the September 30, 2010, January 4,

23   2011, and February 7, 2011 Orders.[3]  (Doc. 62.)  Additionally, on May 12, 2011, Plaintiff

24

25   _____

26   [3] Previously, Plaintiff's similar March 9, 2011 Motion for Relief from Judgment, (Docs. 36, 37,)
     and April 6, 2011 Motion to Hold Case in Abeyance and Set Aside Judgment, (Doc. 41, 42,) were

27   rejected by the Court for failure to comply with Local Rule 6-1 and General Order 10-07.  (Docs.
     36, 37, 44, 50.)

28

filed a Motion to Continue Trial, seeking a ninety-day continuance.  (Doc. 65.)  Defendant opposed both motions on May 20, 2011.  (Docs. 77, 79.)

On April 18, 2011, Defendant filed the instant Motion to Dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.[4]  (Doc. 51.)  On May 19, 2011, Plaintiff filed an opposition to Defendant's Motion to Dismiss.  (Doc. 75.)  Plaintiff filed the opposition seventeen days late, in contravention of Local Rule 7-9 and effectively depriving Defendant of a reasonable opportunity to respond to the opposition.  In spite of the late filing, Defendant replied to the opposition the next day, on May 20, 2011.  (Doc. 82.)  In the reply, Defendant requested that the Court strike the opposition for failure to comply with Local Rules 7-6 and 7-9.  Additionally, Defendant provided documentary evidence to refute Plaintiff's contention in the opposition that Defendant had failed to meet and confer with Plaintiff prior to the filing of the Motion to Dismiss.  (Doc. 82, Ex. A.)

As of the filing of this Order, Plaintiff's counsel has failed to pay the contempt fine ordered on February 10, 2011, Plaintiff and Plaintiff's counsel have failed to comply with the monetary sanction order of January 4, 2011, and Plaintiff has failed to file his Memorandum of Contentions of Fact and Law.

## II.  Legal Standard

"If the plaintiff fails to prosecute or to comply with [the federal] rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  The Ninth Circuit has directed district courts to weigh five factors in determining whether to dismiss a claim under Rule 41: "(1) the public's interest in expeditious

---

[4] Defendant's February 28, 2011 Motion for Contempt, (Doc. 35,) and April 1, 2011 Motion for Extension of Time, (Doc. 39,) were stricken by the Court for failure to comply with Local Rule 7-3.  (Doc. 43.)

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).[5] "The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything . . . ." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

### III. Discussion

Plaintiff failed to file a timely opposition to Defendant's Motion to Dismiss. The Court also notes that Plaintiff's opposition to the Motion to Dismiss did not contain a statement of facts, did not cite to any case law, and did not address any of Defendant's substantive arguments. Instead, Plaintiff argues that Defendant's Motion should be dismissed because: one, Defendant failed to meet and confer with Plaintiff prior the filing of the Motion and two, there are no grounds to dismiss the case under Rule 41 because Plaintiff has not failed to prosecute the case and Plaintiff has "complied with the court orders with the exception of the payment of sanctions which plaintiff has moved to set those orders aside." (Doc. 75.) Pursuant to Local Rule 7-12, "failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12. Although the Court could deem Plaintiff's failure to file a timely opposition and Plaintiff's admission of non-compliance with court orders as consent to the granting of Defendant's Motion to Dismiss, instead the Court considers the motion on its merits. As discussed below, the Court considers in turn each of the five factors from *Pagtalunan* and concludes that Defendant's Motion to Dismiss should

---

[5] Defendant filed its Motion to Dismiss pursuant to both Rule 37 and Rule 41. Although the Court considers Defendant's Motion pursuant to Rule 41, the Court notes that the Ninth Circuit uses identical factor analysis under both Rule 37 and Rule 41. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (Rule 37); *Pagtalunan*, 291 F.3d at 642 (Rule 41).

be denied, but only on the condition that Plaintiff's counsel associate himself with experienced trial counsel.

### A. Public's Interest in Expeditious Resolution of Litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). As Plaintiff failed for nine months even to acknowledge the existence of the Court's discovery sanctions, failed to attend court hearings, failed to file necessary trial documents, waited until four weeks before trial to request a three-month continuance, and failed throughout the course of this seventeen-month litigation to file responses to Court orders in a timely fashion, this factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (finding that this factor weighed in favor of dismissal where plaintiff failed to pursue the case for four months); *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket.").

### B. The Court's Need to Manage its Docket

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642. Further, a court is entitled to "manage its docket without being subject to routine noncompliance of litigants." *Id.* Accordingly, this factor weighs in favor of dismissal given Plaintiff's failure to cooperate with Defendant during discovery, requiring the Court's intervention; Plaintiff's failure to comply with, or acknowledge, the Court's discovery sanctions; Plaintiff's counsel's failure to appear for hearings in this matter; Plaintiff's failure to file responsive or opposing documents and then subsequently

attempting to get relief after the Court had already decided the motion; Plaintiff's failure to comply with local rules; and Plaintiff's failure to comply with court orders.

Furthermore, despite the fact that: (1) this matter was initially filed in January 2010; (2) a trial schedule was established in December 2010; and (3) Defendant has been diligently pressing Plaintiff to comply with discovery deadlines and Court orders, Plaintiff is not prepared for trial. The Final Pretrial Conference in this matter was set for May 23, 2011. (Order on Jury Trial, Doc. 26.) The Court cannot ensure that the parties are prepared for trial and conduct a meaningful Final Pretrial Conference without the Memoranda of Contentions of Fact and Law submitted by the parties. Accordingly, on December 22, 2010, the Court ordered that each party submit their Memorandum by May 2, 2011. (*Id.* at 3.) Plaintiff failed to file his Memorandum on May 2, 2011. Without such Memorandum, the Court cannot conduct the Final Pretrial Conference. Therefore, on May 4, 2011, the Court ordered Plaintiff to show cause by May 6, 2011, why the Court should not dismiss the case and order sanctions for Plaintiff's failure to file the Memorandum of Contentions of Fact and Law. (Doc. 57.) Plaintiff did not respond to the Court's Show Cause Order. Plaintiff's failure to respond to the Court's May 4, 2011 Show Cause Order is sufficient justification, in and of itself, to dismiss the case. *See Ferdik*, 963 F.2d at 1260-61.

Nonetheless, on May 10, 2011, having still not received Plaintiff's show cause response or Plaintiff's Memorandum of Contentions of Fact and Law, the Court again ordered Plaintiff to show cause why the case should not be dismissed for failure to file the Memorandum of Contentions of Fact and Law. (Doc. 64.) In the Show Cause Order, the Court expressly warned Plaintiff that "[f]ailure to respond shall result in immediate dismissal." (*Id.*) Plaintiff responded to the Show Cause Order on May 18, 2011 with a litany of excuses, culminating in the admission that "THE SIMPLE TRUTH IS I DID NOT COMPLY WITH THE COURTS' ORDER OF DECEMBER 22, 2010, OR THE ORDER OF MAY 4, 2011 BECAUSE I DID NOT KNOW OF THEIR EXISTENCE UNTIL MAY 17, 2011." (Doc. 73 ¶ 9.) Beyond the incomprehensible admission that

Plaintiff's counsel had not bothered to review the docket for five months, the Court is troubled by the fact that even after being put on notice on two separate occasions by the Court, Plaintiff's counsel still failed to file the Memorandum of Contentions of Fact and Law. In light of Plaintiff's counsel's lack of preparation, diligence, and compliance, the Court could not hold the Final Pretrial Conference that had been on the docket for five months. This in turn, requires the Court to reschedule the Final Pretrial Conference and the trial.

Moreover, Plaintiff's habitual delays in providing discovery responses and Plaintiff's haphazard compliance with orders of the Court have prevented this case from proceeding in a timely fashion and "consum[ing] some of the court's time that could have been devoted to other cases on the docket." *Pagtalunan*, 291 F.3d at 642. Plaintiff's failure to provide discovery responses to Defendant in a timely fashion required Defendant to file a motion to compel the responses and Magistrate Judge Chooljian to review the case and issue the September 30, 2010 Order compelling production. Then, notwithstanding two months of discovery non-compliance by Plaintiff and two weeks after discovery had closed, Plaintiff filed an ex parte motion to extend discovery by three months. Plaintiff's continued failure to comply with the September 30, 2010 Order required Defendant to file another motion seeking to compel compliance. Magistrate Judge Chooljian held a hearing on the motion and certified the case for a show cause hearing before this Court. Plaintiff's counsel did not appear at the hearing before Magistrate Judge Chooljian and did not appear at the hearing before this Court. Plaintiff's and Plaintiff's counsel's defiance of two court orders to pay monetary sanctions and a third order holding Plaintiff's counsel in contempt have delayed the dockets of both Magistrate Judge Chooljian and this Court. Accordingly, in light of Plaintiff's failure to expeditiously conduct discovery, Plaintiff's failure to prepare for trial, Plaintiff's unilateral actions that dictate rescheduling of the Final Pretrial Conference and trial, and Plaintiff's and Plaintiff's counsel's defiance of court orders, this factor weighs in favor of dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (concluding that this factor weighed in favor of dismissal where

"[plaintiff's] dilatory conduct greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule.").

### C. Risk of Prejudice to Defendant

"In determining whether a defendant has been prejudiced, [the Ninth Circuit] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* Disregard of the discovery process prejudices a defendant by depriving the defendant of needed information, increasing litigation expenses, and forestalling preparations for trial. *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981), *overruled on other grounds Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1082 (9th Cir. 1987). Here, as noted by Defendant:

> Plaintiff's counsel ignored the deadline for initial disclosures, failed to respond to interrogatories until a Motion to Compel was filed, failed to timely respond to request for production of documents until a joint stipulation was prepared, bounced a check to a witness who is entitled to witness fees, and have continuously ignored court ordered monetary sanctions that have yet to be paid. As a result, the defendant has incurred an enormous expense attempting to meet and confer, filing motions to gain compliance and never receiving the court ordered monetary sanctions that it is entitled to.

(Doc. 51 at 19.) Plaintiff has prejudiced Defendant and created unreasonable delay by failing to file discovery responses in a timely fashion, failing to comply with Court orders, and failing to prepare for trial. *See G-K Props. v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978) ("Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents."); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay."). Thus, this factor weighs in favor of dismissal.

### D. Availability of Less Drastic Alternatives

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). In determining if less drastic alternatives are available, the Ninth Circuit considers:

> (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

*Malone*, 833 F.2d at 132. Alternative sanctions include:

> a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel . . . .

*Id.,* 833 F.2d at 132 n.1 (quoting *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3d Cir. 1982)).

Here, the Court has pursued less drastic sanctions for the past nine months to no avail. On August 31, 2010, Defendant filed a motion to compel discovery responses after Plaintiff failed to provide responses to Defendant's interrogatories. In response, Magistrate Judge Chooljian ordered Plaintiff to file the interrogatory responses and jointly sanctioned Plaintiff and Plaintiff's counsel. Plaintiff filed the interrogatory responses but has failed to pay the fine for nine months. On November 23, 2010, Defendant filed a motion to compel compliance with the September 30, 2010 Order. Magistrate Judge Chooljian held another hearing that Plaintiff's counsel failed to attend and again ordered Plaintiff and Plaintiff's counsel to pay a monetary sanction. After these two monetary sanction orders failed to produce compliance, the Court held Plaintiff's counsel in contempt and ordered him to pay

a daily fine until he did comply. Finally, Plaintiff's counsel has failed to file necessary trial documents in this case, despite two show cause orders by the Court that each threatened to dismiss the case if Plaintiff failed to comply.

Plaintiff's and Plaintiff's counsel's defiance of Court orders is egregious and on-going. Plaintiff and Plaintiff's counsel have been ordered to pay Defendant's costs on two separate occasions. Two of Plaintiff's motions have been stricken from the record for failure to comply with the local rules. Plaintiff and Plaintiff's counsel have been ordered to file overdue documents on three separate occasions. Plaintiff's counsel was found in contempt. And Plaintiff and Plaintiff's counsel have been warned on at least three separate occasions that dismissal may result from continued non-compliance with orders of the Court. Imposition of lesser sanctions appears to be futile in light of Plaintiff's and Plaintiff's counsel's record of non-compliance in this case.

The Court is persuaded, however, that one less drastic sanction is available and appropriate. Plaintiff's counsel has demonstrated an inability to litigate in federal court in a professional and competent manner. Despite Plaintiff's counsel's failings, there is no indication in the record that Plaintiff has facilitated or condoned these failings, or that Plaintiff, who is incarcerated, is even aware of his counsel's behavior in this case. The Court has implemented all the applicable lesser sanctions listed in *Malone*, save for conditioning dismissal upon securing new counsel. *See Malone*, 833 F.2d at 132 n.1. As a lesser sanction is available and Plaintiff's impending release from incarceration may ensure appropriate prosecution of this matter, the Court concludes that this factor weighs against dismissal.

### E. Public Policy Favoring Disposition of Cases on their Merits

Public policy favors decisions on the merits. *See In re PPA*, 460 F.3d at 1228. However, where a plaintiff has stalled or unreasonably delayed resolution of the case by failing to comply with deadlines and discovery obligations, this favor is significantly diminished. *Id.* (The Ninth Circuit has "recognized that this factor 'lends little support' to

a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."). Thus, this factor weighs slightly against dismissal.

In summary, three factors weigh in favor of dismissal and two factors weigh against dismissal. The Court is mindful that, "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Accordingly, the Court concludes that although dismissal may be appropriate in this case, *see Pagtalunan*, 291 F.3d 639, 643 (affirming dismissal with prejudice where the first three factors favored dismissal and last two factors weighed against dismissal because it was a "close case" and therefore within the discretion of the district court), one final lesser sanction is available and appropriate. As the Court has tried all of the other alternative sanctions listed in *Malone*, requiring Plaintiff's counsel to associate himself with experienced trial counsel is the last chance before dismissal. *See Malone*, 833 F.2d at 132 n.1. This final chance ensures that Plaintiff is not harshly punished for the failings of his attorney. The Court therefore denies Defendant's Motion to Dismiss on the condition that Plaintiff's counsel associate himself with experienced trial counsel by June 24, 2011. Such experienced trial counsel shall file a declaration with the Court by June 24, 2011 stating counsel's: (1) trial experience in federal court; (2) understanding and familiarity with the Court's electronic docketing system; (3) familiarity with the Federal Rules of Civil Procedure, the local rules of the Central District of California, and the Standing Orders of this Court; and (4) availability to adhere to the trial schedule established in this Order. If Plaintiff's counsel fails in any way to comply with the requirements of this Order, this case will be dismissed with prejudice.

## IV.  Monetary Sanctions

Defendant seeks an award of attorney fees under Rule 37 of the Federal Rules of Civil Procedure. As the Court is denying Defendant's Motion and the focus of

Defendant's Motion is Plaintiff's counsel's conduct after the close of discovery, the Court does not award attorney fees for the preparation and filing of the Motion to Dismiss.

## V. Plaintiff's Outstanding Motions

The Court finds both of these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearings set for June 13, 2011, at 10:00 a.m. are removed from the calendar.

### A. Motion to Continue Trial

The Court holds that there is good cause and GRANTS Plaintiff's Motion to Continue Trial until September 13, 2011. Plaintiff is currently incarcerated and scheduled to be released on July 20, 2011. Upon his release, Plaintiff will be able to prepare for and attend trial. Additionally, a continuance is required in light of the Court's Order that Plaintiff's counsel associate with experienced trial counsel to give such trial counsel the opportunity to prepare for trial. The Final Pretrial Conference is rescheduled for Monday August 22, 2011 at 1:30 p.m.

### B. Motion for Relief from Judgment

Rule 60 of the Federal Rules of Civil Procedure allows a court to grant a party relief from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A district court has the "power under Rule 60(b)(1) to reconsider its award of costs." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982). The Ninth Circuit has instructed that "[u]nder Rule 60(b), 'excusable neglect' is liberally construed." *In re Magouirk*, 693 F.2d 948, 951 (9th Cir. 1982). However, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986)).

16

"Rather, it requires some justification for an error beyond a mere failure to exercise due care." *Timbisha Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 336 (E.D. Cal. 2010) (quoting *Lomas & Nettleton Co. v. Wiseley*, 884 F.2d 965, 967 (7th Cir. 1989)). In *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), the Ninth Circuit "adopted the equitable test articulated in *Pioneer* to determine whether neglect is 'excusable' under Rule 60(b)(1)." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993)). Following *Briones*, the Ninth Circuit held that in determining if there was "excusable neglect" for purposes of a Rule 60(b)(1) motion, "courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (applying the four-factor equitable test set out in *Pioneer*, 507 U.S. at 387-388). The Court denies Plaintiff's Motion under Rule 60(b)(1) because Plaintiff's counsel's contentions of excusable neglect are meritless in the face of Plaintiff's counsel's repeated, egregious, and on-going non-compliance with court orders.

Plaintiff's counsel's chief argument is that he was unaware of the court hearings and orders. This argument is unavailing for two reasons. First, this argument is unsupported by Plaintiff and contradicted by Defendant. And second, Plaintiff's counsel's ignorance of court hearings and court orders does not explain why Plaintiff's counsel failed to comply with the orders when he became aware of the orders and why Plaintiff failed to petition the Court for relief when he first became aware of the missed court hearings and court orders. With respect to the September 30, 2010 Order, Plaintiff's counsel asserts that:

> Since Plaintiff complied with the discovery request before the September 30
> date, Plaintiff operated on the understanding that the hearing had been taken
> off calendar. Therefore, Plaintiff's counsel did not appear at the September 30,

1  |  2010 hearing, nor did Plaintiff's counsel receive any notice of judgments or
2  |  orders entered at that September 30th hearing.

(Doc. 62 at 3.)  This is contradicted by Defendant's documentary evidence that "[o]n October 18, 2010, defense counsel sent plaintiff's counsel, Mr. Johnson, a letter via fax, email and U.S. mail indicating that the monetary sanctions were overdue and attached the court's order."  (Doc. 24-1, Ex. B (attaching a copy of the October 18, 2010 letter sent to Plaintiff's counsel).)  With respect to the January 4, 2011 Order, Plaintiff's counsel asserts:

> Defendant's motion for sanctions was heard on January 4, 2011, when Plaintiff's counsel was out of the country. Defendant did not receive any notice that such hearing had been scheduled. Moreover, Defendant's counsel was provided with a Notice of Unavailability in December of 2010, yet still proceeded with the hearing in January and failed to inform the Court that such notice of unavailability had been provided.

(Doc. 62 at 3 (citing to an attached letter that was not in fact attached).)  Plaintiff's counsel makes reference to a Notice of Unavailability allegedly sent to Defendant's counsel in December 2010.  Plaintiff's counsel does not indicate why Plaintiff's counsel did not inform the Court of his unavailability or why he made no effort to oppose Defendant's motion or seek to continue the hearing when both the motion and the hearing date were put on the docket in November.  Further, Plaintiff's counsel was promptly made aware of the order, "[o]n January 20, 2011, defendant sent [Plaintiff's counsel] a letter regarding the court's January 4, 2011-order and the overdue monetary sanctions."  (Doc. 77 at 4; Doc. 78-1, Ex. D (attaching a copy of the January 20, 2011 letter and fax sent to Plaintiff's counsel).)  With respect to the February 7, 2011 Order, Plaintiff's counsel asserts:

> Plaintiff's Counsel never received notice that another hearing had been scheduled for February 7, 2011. Therefore, counsel did not attend such hearing either. It was not until Plaintiff's counsel was personally served with the "Order Granting Defendant's Motion to Hold Plaintiff's Counsel in Contempt

of Court" on February 16, 2011 that Plaintiff's counsel became aware of the
Order to Show Cause Hearing.

(Doc. 62 at 4.)  At no point does Plaintiff's counsel even address his failure to oppose the motions that led to the sanctions being imposed in the first place.  Thus, Plaintiff's claim of excusable neglect is based entirely on Plaintiff's counsel's lack of knowledge of developments in this case and his inability to use the Court's electronic docketing system. Plaintiff's counsel argues that his lack of knowledge of the September 30, 2010 hearing, and the September 30, 2010 Order, and the November 23, 2010 Motion, and the January 4, 2011 hearing and Order, and the January 14, 2011 Order, and the February 7, 2011 hearing excuse his non-compliance and demonstrate excusable neglect.  Lack of professional conduct is not excusable neglect.  *See Engleson*, 972 F.2d at 1043.

Magistrate Judge Chooljian's September 30, 2010 Order was posted on the docket on September 30, 2010.  Defendant's counsel informed Plaintiff's counsel of the September 30, 2010 Order on October 18, 2010.  Plaintiff's counsel does not explain why he couldn't have been made aware of the Order by looking at the docket, or why he didn't receive Defendant's letter, fax, and email, or why he only sought relief in May 2011. Similarly, Magistrate Judge Chooljian's January 4, 2011 Order was posted on the docket on January 4, 2011.  Defendant's counsel informed Plaintiff's counsel of the Order on January 20, 2011.  Plaintiff's counsel does not explain why he couldn't have been made aware of the Order by looking at the docket, or why he didn't receive Defendant's letter or fax, or why he only sought relief in May 2011.  And finally, the Court's February 7, 2011 Order was posted on the docket on February 10, 2011.  Counsel admits that he was served with the Order on February 17, 2011.  Counsel does not explain why did not comply with the order once he was served or why he waited until May 6, 2011 to seek relief.

Plaintiff's counsel's frequent and repeated assertions of ignorance and excusable neglect strain credulity when considered in the context of Plaintiff's counsel failure to indicate, (1) why he didn't oppose the motions that led to sanctions; (2) why he didn't comply with the sanction orders when he was made aware of them; and (3) why he didn't

seek relief from the sanctions until May 6, 2011.  Moreover, Plaintiff's counsel's assertions of excusable neglect are completely unsupported by the record in this case, and frequently contradicted by the record.

Returning to the four-factor equitable test, the Court concludes that all four factors weigh against Rule 60 relief.  As discussed above, Defendant has been prejudiced by Plaintiff's refusal to cooperate during discovery, which prompted the imposition of the discovery sanctions.  Defendant has been further prejudiced by Plaintiff's failure to pay those sanctions.  Plaintiff failed to pay the September 30, 2010 discovery sanction until May 18, 2011 and has to date failed to pay the sanction imposed on January 4, 2011 and the civil contempt fine imposed on February 10, 2011.  This non-compliance is unreasonable and on-going.  Further, Plaintiff's counsel has offered no justification for the non-compliance with court orders or for the delay in filing the discovery responses that resulted in the sanctions being imposed beyond ignorance of the filings and hearings in this case and failure to review the docket.  The Supreme Court has advised that:

> There is, of course, a range of possible explanations for a party's failure to comply with a court-ordered filing deadline.  At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention.  At the other, a party simply may choose to flout a deadline.  In between lie cases where a party may choose to miss a deadline although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence.

*Pioneer*, 507 U.S. at 387-388.  There is no indication that Plaintiff's counsel has acted in good faith, and Plaintiff's counsel's repeated, uncorrected, and unsubstantiated claims of ignorance support a finding of willful ignorance rather than good faith inadvertence, excusable neglect, mistake, or surprise.  Therefore, Plaintiff's Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedures is denied

20

because Plaintiff has failed to demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b); *see Pioneer*, 507 U.S. 380; *see also Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) ("[Counsel] has made a showing of carelessness and lack of proper regard for his duty as an attorney and an officer of the court, and no showing of inadvertence, excusable neglect, mistake, surprise, nor any one or more of them."); *cf. Rodgers v. Watt*, 722 F.2d 456, 461 (9th Cir. 1983) (noting that a court could find excusable neglect where an attorney had his secretary diligently review the docket, but the secretary failed to recognize an important docket entry).

## VI. Conclusion

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss on the condition that Plaintiff's counsel associate himself with experienced trial counsel by June 24, 2011. Such experienced trial counsel shall file a declaration with the Court by June 24, 2011 stating counsel's: (1) trial experience in federal court; (2) understanding and familiarity with the Court's electronic docketing system; (3) familiarity with the Federal Rules of Civil Procedure, the local rules of the Central District of California, and the Standing Orders of this Court; and (4) availability to adhere to the trial schedule established in this Order.

Plaintiff's Motion to Continue Trial is GRANTED. The Final Pretrial Conference is rescheduled for August 22, 2011, at 1:30 p.m., the Exhibit Conference is rescheduled for September 9, 2011, at 3:00 p.m., and the Jury Trial is rescheduled for September 13, 2011, at 9:00 a.m. Plaintiff's Motion for Relief from Judgment is DENIED. Plaintiff's Motions set for June 13, 2011, at 10:00 a.m. are therefore removed from the calendar.

Plaintiff's counsel is ORDERED to personally serve Plaintiff within five days with a copy of this Order and submit proof of such service to the Court by June 24, 2011. If

1  Plaintiff's counsel fails in any way to comply with the requirements of this Order, this case

2  will be dismissed with prejudice.

3

4  DATED:  June 2, 2011

                                    **JOSEPHINE STATON TUCKER**
5                                    JOSEPHINE STATON TUCKER
                                    UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28